Filed 1/5/22  P. v. Gonzales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093506 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F07786) |
| v. | |
| ROCKY GONZALES, | |
| Defendant and Appellant. | |

Defendant Rocky Gonzales appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  He contends the trial court applied an incorrect evidentiary standard in ruling he failed to make a prima facie case for relief under the statute.  He argues the trial court should have issued an order to show

---

[1]    Undesignated statutory references are to the Penal Code.

cause and allowed the petition to proceed for full consideration on its merits. The People agree, and so do we. Accordingly, we will reverse and remand for further proceedings.

## BACKGROUND

*Senate Bill No. 1437 and Section 1170.95*

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.). Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189 and added section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Section 1170.95 permits those convicted of felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and to be resentenced on any remaining counts where: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

2

Section 1170.95, subdivision (c) sets out the trial court's responsibilities at the prima facie stage: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

If the trial court issues the order to show cause under section 1170.95, subdivision (c), it must conduct an evidentiary hearing unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(1), (2).) At the evidentiary hearing, either party "may . . . offer new or additional evidence" but "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

*Defendant's convictions*[2]

In 2003, after hearing testimony concerning defendant's involvement in a deadly altercation involving a group of gang members, a jury found him guilty of second degree murder, attempted murder, and simple assault, and found true gang and firearm enhancements. The trial court sentenced defendant to 65 years to life in state prison. We affirmed.

Though the prosecution presented *two* theories at trial to support defendant's liability as an aider and abettor of the murder and attempted murder—that defendant "either intentionally acted to aid and abet the crimes of murder and attempted murder or aided and abetted one of the enumerated target crimes and was guilty of murder and

---

[2]    This background comes from *People v. Gonzales* (Sept. 3, 2004, C043823) [nonpub. opn.] (*Gonzales*), our opinion affirming defendant's criminal judgment on direct appeal. (See *People v. Lewis* (2021) 11 Cal.5th 952, 970-972 & fn. 6 [appellate opinions are part of the record of conviction that may be considered for purposes of determining whether there is a prima facie case for § 1170.95 relief].)

3

attempted murder as a 'natural and probable consequence' of the target crime" (*Gonzales, supra*, C043823 [at pp. 14-15])—we affirmed pursuant only to the natural and probable consequence theory of defendant's guilt, and declined to address the other theory.

*The petition and the order on appeal*

In January 2019, defendant filed a petition for resentencing under section 1170.95. He declared that: a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; and he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189.

In a later pleading, appointed counsel for defendant argued the trial court was required under section 1170.95 to issue an order to show cause why defendant was not entitled to relief for *both* his murder and attempted murder convictions.

In October 2020, the trial court denied the petition, ruling "the evidence at trial—as a matter of law—establishes that a jury could find, beyond a reasonable doubt, that defendant . . . directly aided and abetted th[e] second-degree murder and attempted murder." This was so, the trial court observed, for the reasoning provided in a federal court's order denying defendant's federal habeas corpus petition. That order articulated "a plausible" conclusion "regarding the sufficiency of the evidence" for defendant's liability for second degree murder and attempted murder "without need to resort to the natural-and-probable consequences doctrine." Accordingly, the trial court reasoned, defendant "is not a person who 'could not be convicted' of murder under the new law."

Given that threshold conclusion, the trial court declined to reach "the additional issue of whether" section 1170.95 contemplates relief for defendant's attempted murder conviction.

Defendant appealed.

4

# DISCUSSION

## I

Defendant argues the trial court applied an incorrect evidentiary standard in denying his petition at the prima facie stage.  "Even if a jury . . . could conceivably have found that [defendant] was a direct aider and abettor," defendant argues, "that still does not mean [defendant] failed to make a prima facie showing that he is entitled to relief under section 1170.95."  The People agree the trial court prejudicially erred.  We agree with the parties.

"[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true.  [Citation.]  The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing."  (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980.)  The "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)."  (*Ibid*.; see *People v. Lewis, supra*, 11 Cal.5th at p. 971 [citing *Drayton* with approval].)

Here, there were no readily ascertainable facts establishing defendant was ineligible for section 1170.95 relief as a matter of law.  The prosecution offered two theories of defendant's liability for murder and attempted murder, and we discussed only the "natural and probable consequence" doctrine in our prior opinion when affirming those convictions, expressly declining to consider whether defendant intentionally acted to aid and abet murder and attempted murder.

5

That a jury—in the trial court's words—"could find, beyond a reasonable doubt" that defendant intentionally acted to aid and abet the second degree murder and attempted murder, is not dispositive. That is not the appropriate standard for the prima facie stage, nor even at the later evidentiary hearing. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815 [" 'It is unlikely the Legislature would have selected [the beyond a reasonable doubt standard] if it had intended only an appellate-type review of the sufficiency of the evidence of the petitioner's guilt on a still-viable theory, rather than requiring the prosecutor to actually establish the petitioner's guilt under the newly amended statutes' "].) That evidence supports defendant's conviction on a valid theory does not mean the record conclusively establishes he could now be convicted on that theory beyond a reasonable doubt. (*Id*. at pp. 814-815 [" 'To deny resentencing simply because a jury could have found that they may have acted with express malice would frustrate the legislation's purpose' "].)

Thus, the trial court erred by weighing the evidence to determine defendant was ineligible without first holding an evidentiary hearing.

Construing the facts in favor of defendant, the petition fulfilled section 1170.95, subdivision (a)'s requirement for relief, and the trial court should have issued an order to show cause for an evidentiary hearing. (*People v. Drayton, supra*, 47 Cal.App.5th at pp. 982-983.) We will reverse the trial court's ruling denying the petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c), and hold a hearing under section 1170.95, subdivision (d). We express no opinion whether defendant will be entitled to relief following the hearing.

## II

Recognizing that we "may permit the trial court to decide in the first instance whether section 1170.95 applies to attempted murder," defendant argues that conviction *is* subject to the new law. The People disagree, observing that the appellate courts of California "have been unanimous" in concluding section 1170.95 does not apply to

6

attempted murder convictions. The People ask us to order the trial court to conduct an evidentiary hearing *only* as to defendant's murder conviction.

We agree with defendant that, because the trial court did not adjudicate the question whether section 1170.95 applies to defendant's attempted murder, we need not either.

On remand, the trial court can consider this issue in light of recent legislation signed by the Governor (after briefing was complete in this case) extending section 1170.95 relief to, inter alia, attempted murder convictions.[3] (See Legis. Counsel's Dig., Sen. Bill No. 775 (2021-2022 Reg. Sess.) ["This bill would expand the authorization to allow a person who was convicted of . . . attempted murder under the natural and probable consequences doctrine . . . to apply to have their sentence vacated and be resentenced"].)

---

[3] This is so because it is likely the remittitur in this case will not issue until 2022, and Senate Bill No. 775's (2021-2022 Reg. Sess.) amendments to section 1170.95 are effective on January 1, 2022. (See Cal. Const., art. IV, § 8, subd. (c); cf. *People v. Garcia* (2018) 28 Cal.App.5th 961, 973 ["Because it is highly unlikely that defendant's judgment will in any event be final by January 1, 2019, we remand the matter to the trial court for resentencing pursuant to [recently-enacted legislation] *after* January 1, 2019"].)

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed. The case is remanded for further proceedings consistent with this opinion.

                                                                       /s/\
                                                             RAYE, P. J.

We concur:

      /s/\
HULL, J.

      /s/\
KRAUSE, J.